Judge Under\vood
delivered the opinion of the Court.
Gilmore filed his bill against Morgan, charging that he had, in the year 1810, sold to Morgan one hundred acres of land, at the price of five dollars per acre, and conveyed the land to him by deed, with general warranty, expressing the consideration to be £75. The deed does not use the expression “more or less.” It describes the land conveyed as being one hundred acres, and sets out the metes and bounds.
The complainant charges that, some years before he filed his bill, from some experiments, he Wasindu-ced to believe that the boundary mentioned in the deed, contained more than the one hundred acres, which he had sold; whereupon he applied, by his son and agent, to the defendant Morgan, for a re-survey of the land, and a re-conveyance of the surplus, or payment for it; that Morgan promised he would meet the county surveyor and see the land surveyed, and if there was a surplus he would reconvey it; that in pursuance of the agreement, the complainant Gilmore, by his son and agéntand the defendant, attended Bilbo, the county surveyor, and had the land accurately surveyed, when it was ascertained that there ' *66 were upwards of eighteen acres of surplus; and that Morgan then agreed that he would convey the surplus to Gilmore, to adjoin the land on which Gilmore then lived. The bill states that Morgan, upon various frivolous-pretences, had failed to convey, and con•cluded by asking a conveyance, and a prayer for general relief.
The answer of Morgan states, that be purchased •fifty acres near the middle of Gilmore’s claim; that' afterv/ards,'Gilmore agreed to give him fifty acres more, for his services in prosecuting a lawsuit against the heirs of Curry, to secure the title for Gilmore; and that he, Morgan, finally agreed to take the whole one hundred acres, adjoining the lands of Bonta. He states that major Allen was employed to run off the land, and after he surveyed it, the complainant conveyed it as Allen had made the survey. Morgan is ■entirely silent about his promises to re-convey the surplus, as ascertained by Bilbo, and his agreement that Bilbo should make a re-survey to ascertain the surplus. His silence is equivalent to an admission. •He does not deny that there is a surplus, he only says he “can’i admit it.” This is an evasion, when he is charged with knowing the fact. He adds, after saying that he can’t admit it, “or if a small'quantity-over one hundred acres, it was a conveyance of the gross quantity, by metes and bounds, in lieu of the land he was first entitled to.” A survey • was filed and read as evidence, without objection, showing the quantity contained in the deed to be one hundred and nineteen acres. The defendant speaks in the answer, of having mortgaged the land, but he does not exhibit the mortgage. He sppaks of fears- that Curry’s heirs will set up claim to the land, but does not make them defendants, to quiet the title, nor does he show any reasonable ground for apprehension.
The court dismissed the complainant’s bill with costs. We think the court erred, and that the complainant was clearly entitled to relief. It is certain, beyond a doubt, that the defendant was not entitled to more than one hundred acres of land. In laying that off adjoining Bonta’s line, Allen, the surveyor, laid oflf one hundred and eighteen or one hundred and *67 nineteen acres; and the complainant conveyed'it, believing there was only one hundred acres, and' calling it one hundred in the deed. There is no mistake the deed, in the writing» There is no necessity to call in parol proof to explain or contradict the writing. The mistake is on the part of Allen, the surveyor, in laying off more land than the complainant sold. This can be rectified without affecting the deed, and equity requires it should be corrected. If the complainant had sold the land contained in a certain boundary, by the acre, and. conveyed it as so many acres, and there were more, then, on ascertaining the surplus, he should be paid for. it, at the rate per acre, for which it was sold.
Daviess, for plaintiff; Cunningham, for defendant.
If the complainant sold- a boundary for so many acres, more or less, then he could not be relieved unless there was fraud or gross palpable mistake. Young vs. Craig, II. Bibb, 271. The present case is not embraced by either of these class of cases. It is a sale of one hundred acres, to be laid off in future. In attempting to execute the contract, the surveyor has made a mistake as is most obvious from the facts alleged and admited, and therefore, it should be corrected by compelling the defendant to re-cohvey the surplus, after laying off his one hundred acres adjoining Bonta’s line.
According to the plat exhibited, the complainant is entitled to the land, designated by the letters and figures 3, 4, D, C; but as corners have not been marked by the surveyor, it would be yet proper to have it done, and as it does not appear that the defendant has put it out of his power to convey, he should be compelled to doit, warranting against the claims of all persons claiming by, through or under him, but against the claims of no others.
Wherefore, the decree of the circuit court is reversed, and the cause remanded for a decree to be rendered in conformity to this opinion.
The plaintiff in error must recover his costs.